DLD-113                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 10-4311
_____

CURTIS THROWER,
                                        Appellant

v.

OSCAR ALVIES, Hudson County Jail Administrator; DR. IBERWIRO, Hudson County
Correctional Center's Medical Director; THOMAS DEGISE, Hudson County's County
Executives, et al; CHRIST HOSPITAL, et al; DARLENE CAMADY, Sergeant, Hudson
County Correctional Center; OFFICER SANTIGO, Internal Affairs Hud. County
Jail; JANE & JOHN DOES (0-100)
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.C. Civil No. 2-09-cv-04296)
District Judge: Honorable Faith S. Hochberg
_____

Submitted for Possible Jurisdictional Defect, and for Possible Dismissal Pursuant to 28
U.S.C. § 1915(e)(2)(B) or Summary Action Pursuant to Third Circuit LAR 27.4 and
I.O.P. 10.6
February 10, 2011
Before:  BARRY, FISHER and ROTH, <u>Circuit</u> <u>Judges</u>

(Opinion filed: May 2, 2011)
_____

OPINION
_____

PER CURIAM

       Curtis Thrower, an inmate at the Monmouth County Correctional Institute, appeals

from an order of the District Court granting summary judgment in favor of the defendants in this pro se civil rights action.[1] For the following reasons, we will summarily affirm.

In July 2009, Thrower was held in the Hudson County Correctional Center while awaiting trial for shoplifting and possession. On July 30, 2009, Thrower submitted an Inmate Request Form, asking to be transferred to another unit of the prison because of other inmates' "nonsense" and "disrespect." He claims that, the following day, two unidentified inmates entered his cell and sexually assaulted him. Later that day, he reported the assault and was taken to the prison's infirmary.

Thrower claims that an unidentified doctor conducted an examination. The doctor cleaned Thrower's anus and gave him new pants and underwear, collecting the ones that Thrower had been wearing. Thrower claims that the clothes that the doctor took contained evidence of the rape. The defendants argue that the prison does not have the proper equipment to conduct sexual-assault examinations, and they deny that Thrower was given such an exam.

After speaking with the nurse in the infirmary, Thrower was taken to an offsite hospital, where he was given a sexual-assault examination. According to the defendants, this is the prison's standard procedure. He was also interviewed by a prison investigator about the alleged rape. Thrower argues that the investigator was rude and did not believe

---

[1] After Thrower filed the his complaint, the District Court dismissed without prejudice Hudson County Executive Thomas Degise and Christ Hospital because Thrower did not allege that these defendants had wronged him in any way. Thrower did not amend his complaint or in any way attempt to bring these defendants back into the

2

his account of what had occurred. The investigator claims to have interviewed Thrower and the examining nurse. The nurse said that there was no evidence of sexual assault.

When Thrower was discharged from the hospital, he was given after-care instructions. Part of these instructions stated that infections resulting from sexual assault are uncommon, but that victims sometimes take antibiotics as a precaution. Thrower claims that he asked for a prescription for antibiotics, and that the nurse provided it to the guard who had accompanied him to the hospital. He was also instructed to undergo follow-up tests in six weeks and in six to twelve months. He never received the antibiotics. Two weeks later, he developed a rash on his genitals. The prison doctor prescribed an antifungal cream, which cleared up the rash. The prison conducted the six-week test for sexually transmitted diseases as instructed by the hospital. The result was negative.

Thrower claims that in the following weeks, he and his family contacted the Hudson County Prosecutor's Office and learned that it had not been contacted by the prison about the alleged rape. At some point, a detective from the prosecutor's office interviewed Thrower and reviewed the prison surveillance tape from the day in question. The detective concluded that no sexual assault had occurred and closed the investigation.

In August 2009, Thrower filed a complaint pursuant to 42 U.S.C. § 1983. He named as defendants several prison officials, as well as members of the prison's medical staff. He alleged that (1) he did not receive proper medical care at the prison, (2) the

_____

case.

3

prison failed to protect him, and (3) the defendants caused the investigation into his allegations to be inadequate. The District Court granted summary judgment to the defendants on all claims. Thrower appealed.

We have jurisdiction to hear this appeal under 28 U.S.C. § 1291. When reviewing a district court's grant of summary judgment, we exercise plenary review, viewing the facts in the light most favorable to the nonmoving party. Dee v. Borough of Dunmore, 549 F.3d 225, 229 (3d Cir. 2008). Summary judgment is proper, and the moving party is entitled to judgment as a matter of law, where, viewing the evidence in the light most favorable to the nonmoving party and drawing all inferences in favor of that party, no genuine issue of material fact exists. Fed. R. Civ. P. 56(c); Kaucher v. County of Bucks, 455 F.3d 418, 422-23 (3d Cir. 2006). Summary action is warranted if an appeal presents no substantial question. LAR 27.4; I.O.P. 10.6.

Thrower alleges that the defendants violated his constitutional rights by failing to provide him with antibiotics to stave off the infections that sometimes occur after a sexual assault. Because Thrower was a pretrial detainee at the time of the alleged assault, we evaluate his claim under the Due Process Clause of the Fourteenth Amendment, which prohibits the defendants from undertaking acts that amount to punishment. Hubbard v. Taylor, 399 F.3d 150, 166 (3d Cir. 2004). We have held that the Due Process Clause provides pretrial detainees with at least as much protection as is afforded to prisoners raising denial-of-medical-treatment claims under the Eighth Amendment. Natale v. Camden Cnty. Corr. Facility, 318 F.3d 575, 581-82 (3d Cir. 2003). Eighth

4

Amendment claims require prisoners to show that (1) the alleged deprivation is "objectively, sufficiently serious," and (2) the defendant acted with "deliberate indifference to inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994) (internal quotations and citations omitted).

In Natale, we had no need to decide whether the Fourteenth Amendment provides greater protection to pretrial detainees raising denial-of-medical-treatment claims than the Eighth Amendment provides to prisoners raising the same claims. Id. at 581. Likewise, we need not address the question here. Thrower does not dispute that, after he reported the alleged rape, he was taken to the prison infirmary, then to the hospital for an examination, and then back to the prison infirmary, where he remained under observation for the following five days. Thrower's argument with regard to the antibiotic, which he claims the defendants should have given him, is to no avail. He did not submit evidence to show that he actually received a prescription for the medicine. Instead, he provided his discharge papers, which indicated that "[u]sually infection does not develop as a result of sexual assault, but antibiotics are sometimes used to prevent this problem." The papers also recommended that he undergo a six-week blood test to determine whether any sexually transmitted diseases developed later. Thrower admits that the defendants conducted this test. When Thrower developed the rash, he promptly received treatment. Thus, the medical care provided by the defendants did not amount to punishment.

Thrower next argues that the defendants failed to protect him from the other inmates. We analyze this claim in the same way that we analyzed the denial-of-medical-

5

treatment claim: the Due Process Clause provides the framework, while the Eighth Amendment provides a "floor of sorts." Kost v. Kozakiewicz, 1 F.3d 176, 188 n.10 (3d Cir. 1993). Under the Eighth Amendment, a plaintiff must show that the defendant "knows of and disregards an excessive risk to inmate health and safety." Farmer v. Brennan, 511 U.S. 825, 837 (1994). Here, Thrower has not established that the defendants knew that he was in danger of being raped. The Inmate Request Form that Thrower submitted says that other inmates were "disrespectful," but it also says, "I [Thrower] have no problem disciplining either adult or child. Yet, it's a known fact I'll be sent to lock-up." Nothing in this request alerts the defendants that Thrower was in any danger. If anything, the request indicates that Thrower was on the verge of harming the other inmates, and not the other way around. Thus, he has not shown that the defendants disregarded a risk to his safety.

Finally, Thrower argues that the defendants retaliated against him by failing to notify the Hudson County Prosecutor's Office of his allegations. A plaintiff making a retaliation claim must show (1) that he was engaging in constitutionally protected activity, (2) that he suffered adverse action at the hands of the defendants, and (3) that there is a causal link between to protected activity and the adverse action. Rauser v. Horn, 241 F.3d 330, 333 (3d Cir. 2001). Here, Thrower has not established that he suffered adverse action. The prosecutor, as well as the prison investigator, conducted an investigation, which included interviewing Thrower and reviewing the surveillance tape. The prosecutor concluded that there was no assault. Thrower disagrees with the

6

conclusion, but he does not show how that investigation was inadequate. Thus, he has not made out a retaliation claim.

Accordingly, we conclude that this appeal presents no substantial question, and we will affirm the District Court's decision. Thrower's motions for the appointment of counsel and to expedite the appeal are denied.